UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| RICHARD A. PETRIG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 3:07-cv-80-WGH-RLY |
| ) | |
| JAMES FOLZ, in his official capacity as ) | |
| Sheriff of Posey County, Indiana, and ) | |
| ANTHONY L. PRESLEY, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANT'S MOTION IN LIMINE
AND SUPPLEMENTAL MOTION IN LIMINE**

This matter is before the court on Defendant James Folz's Motion In Limine filed November 3, 2008 (Docket Nos. 53, 59, 66), and Defendant James Folz's Supplemental Motion in Limine filed November 14, 2008 (Docket Nos. 61-62).

**A.      Defendant James Folz's Motion in Limine**

In Defendant James Folz's Motion in Limine, Defendant seeks to preclude Plaintiff from offering any evidence on certain specific issues. The Court rules as follows:

  (a)   Pursuant to Rule 411 of the Federal Rules of Evidence, Plaintiff is prohibited from making references to Defendant's insurance coverage. Unless Plaintiff demonstrates that proof of insurance should be admitted because of some admissible purpose permitted by Rule 411, any discussion of Defendant's insurance coverage must be avoided.

    (b)    Pursuant to Rule 408 of the Federal Rules of Evidence, Plaintiff must avoid any references to settlement negotiations or offers of compromise.

    (c)    Pursuant to Rule 802 of the Federal Rules of Evidence, all attempts to elicit medical opinions from a source other than a medical provider shall be avoided, as they must be treated as inadmissible hearsay unless some exception to the hearsay rule is provided.

    (d)    Unless Plaintiff provides medical evidence at trial "to a reasonable degree of medical certainty" that his spleen could have been preserved if he had just been transported to the hospital more quickly, Plaintiff and Plaintiff's counsel are prohibited from arguing that his spleen could have been preserved.

    (e)    Pursuant to Rule 702 of the Federal Rules of Evidence concerning expert witnesses, Plaintiff is prohibited from providing opinions about his own medical condition given that he does not qualify as an expert. Plaintiff may, however, testify about his pain and suffering, as well as the statements that he made to Posey County Jail staff about his condition.

    (f)    Pursuant to Rule 409 of the Federal Rules of Evidence, Plaintiff is prohibited from discussing Defendant's payment of his medical expenses in order to prove liability.

    (g)    Indiana's cap of $300,000 in damages against Defendant is not relevant to this lawsuit, and any probative value to this evidence is clearly outweighed by the prejudicial effect such evidence might cause.

    (h)    Because punitive damages are not recoverable, Plaintiff is prohibited from making any arguments that the jury should "send a message" to Defendant.

**B.    Defendant James Folz's Supplemental Motion In Limine**

In Defendant James Folz's Supplemental Motion in Limine, Defendant seeks the exclusion of two additional categories of evidence. First, Defendant

seeks to exclude the admission of statements from Posey County jail officer John Wright. Plaintiff alleges that, while transporting Plaintiff, Wright permitted Plaintiff to fall to the ground while in shackles. Plaintiff also alleges that Wright exclaimed, "[i]f you fall down again, I'm going to let you fall down and bust your teeth out on the concrete," and that Wright told Plaintiff that he was "not going to catch" Plaintiff anymore. Defendant argues that Wright's statements are inadmissible hearsay and that this line of evidence is irrelevant because its probative value is outweighed by its prejudicial effect. The court concludes, however, that these statements were not hearsay. The Federal Rules of Evidence define hearsay as an out-of-court statement offered into evidence in order to prove the truth of the matter asserted. FED. R. EVID. 801(c). In this instance, the statements by Wright do not meet the definition of hearsay because they are not being offered for their truth, but rather to show the "state of mind" of deliberate indifference. The Seventh Circuit has explained that when a statement is being offered to show the state of mind of the declarant instead of the truth of the matter asserted, the statement is not hearsay. *See Hall v. Babb,* 389 F.3d 758, 764 (7th Cir. 2004). While these statements and this line of testimony does not constitute hearsay, the court concludes that the admission of this evidence would be highly prejudicial and lacks real probative value. Plaintiff's allegation is that Defendant engaged in a custom, policy, or practice that was deliberately indifferent to his serious medical needs. The actions of Wright, in isolation, are not sufficient to show a custom, policy, or practice of

deliberate indifference by the Posey County Jail.  Defendant James Folz's Supplemental Motion in Limine is **CONDITIONALLY GRANTED** absent testimony at trial of other occasions of deliberate indifference on the part of Posey County Jail personnel.

    Defendant also seeks the exclusion of any witnesses or evidence not specifically identified in Plaintiff's witness and exhibit lists.  At the court's final pretrial conference, the parties resolved this matter as Plaintiff's counsel conceded that Plaintiff would not be seeking the admission of such evidence at trial.  Hence, Defendant James Folz's Supplemental Motion In Limine on this matter is **GRANTED.**

    For the reasons stated above, Defendant James Folz's Motion In Limine and Supplemental Motion in Limine are **GRANTED.**

    **SO ORDERED.**

**Dated:**  November 18, 2008

                                      WILLIAM G. HUSSMANN, JR.
                                           Magistrate Judge

**Electronic copies to:**

Jeremy Michael Dilts
CARSON BOXBERGER
dilts@carsonboxberger.com

Edward J. Liptak
CARSON BOXBERGER
liptak@carsonboxberger.com

William DeWitt Nesmith
DUNLAP & NESMITH LLP
wnesmith@courtbuilding.com

W. Trent Van Haaften
BAMBERGER FOREMAN OSWALD
  & HAHN LLP
tvanhaaften@bamberger.com